## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| GARCIA GLENN WHITE, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 4:02-CV-1805 |
| | § | |
| BOBBY LUMPKIN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

### ORDER

In 1989, a Texas jury convicted Garcia Glenn White of capital murder, and he was sentenced to death. Since then, White has litigated challenges to his conviction and sentence in both state and federal court. Most relevant to the instant matter, White's federal petition for a writ of habeas corpus was denied in 2011. (Docket Entry No. 81). The State of Texas has scheduled White's execution for **October 1, 2024**.

Three motions are currently pending. First, White has filed a Motion for Relief Under Rule 60b(6). (Docket Entry No. 120). Second, White has filed a Request for Stay of Execution under FRCP 60b. (Docket Entry No. 126). Third, co-counsel Rosa Eliades has filed a Motion to Withdraw as Counsel. (Docket Entry No. 128). For the reasons discussed below, the Court will **TRANSFER** the pending Rule 60(b) motion to the Court of Appeals for the Fifth Circuit. The Court will **DENY** White's motion for a stay of execution and **GRANT** Eliades' motion to withdraw.

### I.     White's Rule 60(b) Motion

After unsuccessfully seeking state appellate and post-conviction review, White filed a federal habeas petition on May 3, 2002. (Docket Entry No. 27). Federal proceedings were paused

while White exhausted various claims in state court.  White amended his federal petition (Docket Entry No. 64) before the Respondent moved for summary judgment.  (Docket Entry No. 70).  On September 30, 2011, the Court granted Respondent's motion for summary judgment and denied White's petition.  (Docket Entry No. 81).  The Fifth Circuit did not grant a certificate of appealability on any issue.  *White v. Thaler*, 522 F. App'x 226, 236 (5th Cir. 2013), *cert. denied*, 571 U.S. 1133 (2014).

On September 23, 2024, White filed a Motion for Relief Under Rule 60b(6).  (Docket Entry No. 120).  Federal Rule of Civil Procedure Rule 60(b) provides for relief from a "final judgment, order, or proceeding" in any one of six enumerated circumstances.  White specifically moves under Rule 60(b)(6), known as the "catchall provision."  *Solis v. Dretke*, 436 F. App'x 303, 306 (5th Cir. 2011).  Rule 60(b)(6) strikes a balance "between the desideratum of finality and the demands of justice."  *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).  Rule 60(b)(6) motions "will be granted only if extraordinary circumstances are present."  *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002).

White asks for reconsideration on two grounds.  First, White argues that he has developed new psychological evidence demonstrating his diminished capacity when he waived his rights during a police interrogation.  (Docket Entry No. 120 at 2-3).  The twenty-first claim in White's First Amended Petition argued that he "had sever[e] intellectual impairments, organic damage to his higher functions, and was . . . coming off a severe intoxication" when interrogated by the police.  (Docket Entry No. 64 at 95).  "[B]ecause he was impaired cognitively to begin with," White pointed to various factors showing that the waiver of his rights was not "competent, knowing, and voluntary."  (Docket Entry No. 64 at 95).  The Court denied White's argument that

2

he was not competent to waive his rights. (Docket Entry No. 81 at 22-25). White seeks reconsideration based on "new evidence of [his] diminished capacity," which goes to his argument that he is intellectually disabled. (Docket Entry No. 120 at 2). Specifically, he points to recently obtained affidavits describing difficulties Mr. White had beginning in childhood and the review of Mr. White's previous IQ testing results to correct for the "Flynn effect". (Docket Entry No. 120 at 2).

Second, White seeks relief from the Court's earlier decision that he had not shown actual innocence of his death sentence. In his First Amended Petition, White raised "five claims all assert[ing] some variation on the claim that he is actually innocent." (Docket Entry No. 81 at 8). White's actual-innocence arguments relied on new DNA testing which demonstrated that another man had been at the crime scene. White argued that his innocence should serve as a substantive ground for habeas relief and should allow him to overcome any procedural barriers to federal review. White's second through fifth habeas claims dealt with how Texas juries consider a capital defendant's sentence, and he specifically complained because Texas did not provide a forum for reassessing a death sentence when new DNA evidence arises. (Docket Entry No. 64 at 17-23).

The Court denied all five claims relating to White's alleged innocence. (Docket Entry No. 81 at 8-10). The second argument in White's Rule 60(b) motion does not specify which of his five earlier innocence-related claims are at issue, but White apparently means to challenge the second claim in his habeas petition. White bases his second Rule 60(b) argument on a case currently before the Supreme Court, *Gutierrez v. Texas*, No. 23-7809. *Gutierrez* is a civil-rights action challenging Texas's post-conviction DNA testing statute. It is true that the Supreme Court stayed Gutierrez's execution, but they are only considering Gutierrez's petition for a writ of certiorari

3

based on a question of standing. *Gutierrez v. Texas*, No. 23-7809 (S.Ct. July 16, 2024). And White does not argue that the outcome of *Gutierrez*'s standing question alters the calculus of whether he is actually innocent. Instead, White argues "[t]he implications of the stay in *Gutierrez* are . . . clear": "a person has a right to put forward evidence that could have made them not 'death worthy.'" (Docket Entry No. 120 at 8). White argues that any decision in *Gutierrez* will solidify a general requirement that "a jury hear [the] information" about his post-trial DNA testing and then factor it into the sentencing calculus. (Docket Entry No. 120 at 8).

Respondent opposes White's Rule 60(b) motion. Respondent argues that the motion "should be dismissed because it is an impermissible second-or-successive habeas petition." (Docket Entry No. 123 at 12). Alternatively, Respondent also argues that White's motion is untimely and that it fails to demonstrate extraordinary circumstances requiring relief. (Docket Entry No. 123 at15-20). Finally, Respondent contends that White is not entitled to a stay of execution. (Docket Entry No. 123 at 20-21).

## A.    Rule 60(b) and Successive Habeas Petitions

The Supreme Court has provided guidance on when a Rule 60(b) motion constitutes a successive habeas petition:

> In *Gonzalez v. Crosby*, the Supreme Court distinguished between a subsequent habeas petition and a Rule 60(b) motion along the lines of substance and procedure. A motion is substantive—and thus a successive habeas petition—if it "seeks to add a new ground for relief," or if it "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." If, however, the motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then a Rule 60(b) motion is proper.

4

*In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

After *Gonzalez*, the Fifth Circuit has further clarified that "there are two circumstances in which a district court may properly consider a Rule 60(b) motion in a § 2254 proceeding: (1) the motion attacks a 'defect in the integrity of the federal habeas proceeding,' or (2) the motion attacks a procedural ruling which precluded a merits determination." *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018) (citing *Gonzalez*, 545 U.S. at 532, 532 n.4). A valid Rule 60(b) motion generally "alleges 'that a previous ruling which precluded a merits determination was in error— for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.'" *Edwards*, 865 F.3d at 204 (quoting *Gonzalez*, 545 U.S. at 532 n.4).

On the other hand, a successive petition that is not a Rule 60(b) motion generally "(1) presents a new habeas claim (an 'asserted basis for relief from a state court's judgment of conviction'), or (2) 'attacks the federal court's previous resolution of a claim on the merits.'" *Id.* (quoting *Gonzalez*, 545 U.S. at 530). "[A] Rule 60(b) motion 'presenting new evidence in support of a claim already litigated' is a paradigmatic example of a disguised successive § 2254 petition." *Jackson v. Lumpkin*, 25 F.4th 339, 341 (5th Cir. 2022) (quoting *Gonzalez*, 545 U.S. at 531). A motion alleging a subsequent change in substantive law is also a successive petition unless it relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Gonzalez*, 545 U.S. at 531-32.

The Court's review of White's Rule 60(b) motion reveals that it falls into the category which the Supreme Court has considered to be a successive federal habeas petition. White's first argument—that new evidence supports his twenty-first claim—presents new evidence on a claim

already litigated and previously resolved.  That argument unquestionably falls under AEDPA's successive-petitions limitation.

White's second argument challenges the resolution of the second ground for relief in his petition—his substantive claim that Texas law did not provide a vehicle to reassess a jury's verdict using newly developed evidence.  White contends that there is now "third party DNA and evidence of psychosis which has never been presented to a jury for a death decision because the habeas process under 11.071, Sec 5 unreasonably limits his ability to fight for his life and develop facts for a jury." (Docket Entry No. 120 at 4).  White's constitutional arguments about DNA evidence challenge earlier procedural determinations already resolved by the Court.  White's second argument relating to DNA evidence challenges a decision on the merits, which renders his motion a successive petition.

White's motion for reconsideration is, in reality, a successive habeas petition.  As discussed below, the Court cannot consider his pleading at this juncture.

## B.    Federal Limitations on Second or Successive Petitions

A district court lacks jurisdiction to consider a "second or successive" habeas petition in the first instance.  28 U.S.C. § 2244(b).  AEDPA established a pre-authorization procedure in which a habeas litigant must first seek approval from a three-judge panel of the circuit court.  *See id.*  After the circuit's pre-authorization of a successive petition, the district court acts as a "second 'gate' through which the [habeas] petitioner must pass before the merits of [their] motion are heard" and "conduct[s] a 'thorough' review to determine if the motion 'conclusively' demonstrates that it does not meet AEDPA's second or successive motion requirements." *Reyes-Requena v. United States*, 243 F.3d 893, 899 (5th Cir. 2001).  Noncompliance with § 2244(b) amounts to a

6

lack of subject-matter jurisdiction.  *See Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

White has already filed one petition challenging his capital conviction and death sentence. White's recent motion for reconsideration falls within AEDPA's prohibition on second or successive petitions.  Under AEDPA, the Fifth Circuit must consider White's motion in the first instance.

### C.    Transfer

A district court may transfer a successive habeas petition to the circuit court for review. *See* 28 U.S.C. § 2244(a), (b)(3)(C); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).  The Court has no jurisdiction to consider a successive habeas petition absent circuit authorization, but the interests of justice favor placing this case in a venue which may afford relief to White.  The Court will transfer this action to the Fifth Circuit for consideration.

## II.    Motion to Stay Execution

Based on his Rule 60(b) motion, White has filed a motion to stay his execution. With the transfer of White's motion to the Fifth Circuit, the Court denies his request for a stay of execution. White may request a stay in the appellate court alongside any request for the authorization of successive habeas proceedings.

## III.    Motion to Withdraw

Co-counsel Rosa Eliades filed a motion to withdraw from this case.  (Docket Entry No. 128).  Eliades was appointed as co-counsel in 2001.  (Docket Entry No. 10).  In 2015, Eliades accepted a job with the Office of Military Commissions under the Department of Defense.  (Docket Entry No. 128 at ¶ 2).  Eliades has not worked on White's case or had any contact with him since she left Texas around 2012.  (Docket Entry No. 128 at ¶ 5).  The Court, therefore, grants her motion

7

to withdraw.

## IV.     Conclusion

For the foregoing reasons, the Court finds that White's motion for reconsideration is a second or successive petition for the purposes of 28 U.S.C. § 2244(b)(2).  White must obtain leave from the Fifth Circuit before filing another habeas petition with the Court.  **The Court directs the Clerk to transfer the pending Rule 60(b) motion (Docket Entry No. 120) to the Court of Appeals for the Fifth Circuit for a determination of whether, under 28 U.S.C. § 2244(b)(2), that court should authorize the filing of a successive habeas petition**.

The Court **DENIES** White's motion to stay his execution.  The Court **GRANTS** Rosa Eliades's motion to withdraw.

**SIGNED** at Houston, Texas, on this the _27_ day of September, 2024.

KEITH P. ELLISON
United States District Judge